USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/12/2013__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MIRIAM MADERA,                                        :
                                                      :
                                   Plaintiff,         :
                                                      :          12 Civ. 3545 (JMF)
            -v-                                       :
                                                      :          MEMORANDUM OPINION
                                                      :          AND ORDER
TARGET CORPORATION, et al.,                           :
                                                      :
                                   Defendants.        :
                                                      :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff Miriam Madera brings a premises liability negligence action against Defendants

Target Corporation, Target Stores, and Target Store Location T2475 (collectively, "Target").

The action stems from a slip and fall that occurred at a Target store in the Bronx, New York in

2011.  Plaintiff initially brought the action in New York State Supreme Court, and Defendants

removed to this Court based on diversity jurisdiction.  (Docket No. 1).  Defendants now move

for summary judgment, arguing that Plaintiff presents no evidence that Target had notice of the

dangerous condition that caused Plaintiff to slip and fall.  For the reasons stated below,

Defendants' motion is DENIED.

        The following facts, taken from the admissible materials submitted by the parties, are

viewed in the light most favorable to Plaintiff, as she is the non-moving party.  On July 23, 2011,

Plaintiff arrived at the Bronx Terminal Target store at approximately 3:00 p.m.  (Crowley Decl.

(Docket No. 13), Ex. E ("Madera Dep.") 19:11-25).  About fifty minutes later, as she was about

to leave the store, Plaintiff slipped and fell in an area between a cashier's station at the end of

aisle 17 and the exit doors, near what is known as "Food Avenue."  (Madera Dep. 24:7-13;

Crowley Decl., Ex. D).  Plaintiff testified that she slipped on a puddle of water and landed on her

bottom, breaking her fall with her hands.  (Madera Dep. 31:6-32:24).  Plaintiff sustained various

injuries, including a tear in her left knee, a fracture in her right knee, and a tear in her right wrist.

(*Id*. 58:22-59:4; *see also* Crowley Decl., Ex. M ¶¶ 7-8).  Plaintiff testified that approximately

thirty minutes before her fall, she heard an announcement over the store's public address system

stating "water spill," "Food Avenue," "Aisle 17," and "Team mate report."  (Madera Dep. 34:17-

35:9, 93:7-16).

Defendants argue that summary judgment is appropriate because Plaintiff has presented

no evidence showing that Target had notice of the water spill.  (Defs.' Mem. (Docket No. 15) 1).

Under New York law, which applies to this diversity case, a premises liability claim requires

proof that the defendant "created the defective condition, or had actual or constructive notice

thereof."  *Baez v. Jovin III, LLC*, 839 N.Y.S.2d 201, 202 (2d Dep't 2007).  Here, however, there

are material disputes of fact about whether Target had notice of the defective condition.  In

particular, drawing all reasonable inferences in favor of Plaintiff, a jury could infer from

Plaintiff's testimony about a public-address announcement, approximately thirty minutes prior to

her fall, of a water spill in the area where she fell that Target employees — and thus Target itself

— had notice of the alleged defective condition.  *See, e.g.*, *Kirschner v. KPMG LLP*, 15 N.Y.3d

446, 465 (2010) ("[T]he knowledge [corporate agents] acquire while acting within the scope of

their authority [is] presumptively imputed to their principals."); *cf. Lyndsley v. Loyal Order of

the Moose No. 1382*, 173 N.Y.S.2d 679, 680 (4th Dep't 1958) (reversing judgment against

landowner because there was no evidence "that any officer or agent of defendant had actual

notice of the [alleged dangerous condition]").

To be sure, Defendants raise substantial questions about the credibility of Plaintiff's

2

testimony concerning the public-address announcement.  For instance, Plaintiff's own daughter,

S.M., testified that she did not remember hearing any announcement while they were in the

Target store on the date of the incident.  (Crowley Decl., Ex. L ("S.M. Dep.") 34:15-19).  And

Defendants point to evidence tending to show that Target does not use the term "team mate" in

referring to its employees (Defs.' Reply Mem. (Docket No. 21) 8; Crowley Decl., Ex. K

("Bastien Dep.") 10:23-25), and that it does not use the public address system to notify

employees of spills (Defs.' Mem. 8; Defs.' Reply Mem. 2-4; Bastien Dep. 72:9-73:19).  This

evidence certainly calls into question the veracity of Plaintiff's testimony.  Moreover, in light of

other evidence in the record — including, for example, a video of the relevant area in the

minutes before and after the fall (Crowley Decl., Ex. J) — a jury could well conclude that the

announcement, if it occurred at all, did not relate to the defective condition at issue here.  But the

Court is not free to draw these conclusions on summary judgment.  In other words, the dispute

about whether there was a public-address announcement and what inferences, if any, to draw

from that announcement are issues for the jury at trial.

Accordingly, Defendants' motion for summary judgment is DENIED.  Per the Case

Management Plan and Scheduling Order (Docket No. 3), the parties shall file their proposed

Joint Pretrial Order and all related filings — including, but not limited to, joint requests to

charge, joint proposed *voir dire*, a joint proposed verdict form, and any motions *in limine* —

within thirty days of this Memorandum Opinion and Order.  The parties shall be ready for trial

approximately two weeks after the filing of the Joint Pretrial Order.

The Clerk of Court is directed to terminate Docket No. 10.

SO ORDERED.

Dated: December 12, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4